IN THE UNITED STATES
DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI



Earnest E. Varnado Jr.
        Plaintiff,

                                    COMPLAINT
V.                                  Civil Action No. 3:11cv222HTW-
                                                        LRA

Pike County Sheriff Officials
Mark Shephard (Sheriff), Capt.
Green (Administrator), Lt. Regan
(Assitant Administrator), Chris Cox
(Sgt), Harrell (Booking Sgt),
Vernon Washington (P-8), Shawn
Umbrello (P-23), J. Bellipanns
(P-19), Oliver Gardner (Booking
Officer), Claudia Tillman (Nurse),
individually and in their official
capacities, ET. AL.
                Defendants

## I. JURISDICTION & VENUE

1.      This is a civil action authorized by 42 U.S.C.
Section 1983 to redress the deprivation, under color of state
law, of rights secured by the Constitution of the United
States. The court has jurisdiction under 28 U.S.C. Section
1331 and 1343 (a) (3). Plaintiff seeks declaratory relief pursuant
to 28 U.S.C. Section 2201 and 2002. Plaintiff's claims for
injunctive relief are authorized by 28 U.S.C. Section 2283 &
2284 and Rule 65 of the Federal Rules of Civil Procedure.

                Page. 2 of 25

**2.** The Southern District Of Mississippi is an appropriate venue under 28 U.S.C. section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFFS

**3.** Plaintiff, Earnest E. Varnado Jr, is and was at all times mentioned herein a detainee of the County of Pike in the custody of the Pike County Sheriff Department. He/she is currently confined in Pike County Sheriff Department in Magnolia, Ms.

## III. DEFENDANTS

**4.** Defendants, Mark Shephard is the (Sheriff) of the County of Pike. He is legally responsible for the overall operation of the Department and each department under its jurisdiction, including Pike County Sheriff Department.

**5.** Defendants, Capt. Green and Lt. Regan is the (Administrator & Assit Administrator) of (Pike County Sheriff Department). He is legally responsible for the operation of (Pike County Sheriff Department) and for the welfare of all the inmates of that jail/prison.

**6.** Defendants, Chris Cox (Sgt), Harrell (Booking Sgt), Vernon Washington (P-8), Shawn Umbrello (P-23), J. Bellipanns (P-19), Oliver Gardner (Booking Officer), and Claudia Tillman (Nurse) is a County Official of the (Pike) County Sheriff Department who, at all times mentioned in this complaint, held the rank of (Chris Cox - County Deputy Sergent), (Harrell - County Booking Sergent)(Vernon Washington - County Deputy #P-8), (Shawn Umbrello - County Deputy

#P-23), (J. Bellipanns— County Deputy #P-19), (Oliver Gardner — County Booking Officer), (Claudia Tillman — Nurse) and was assigned to Pike County Sheriff Depart. ment.

7.        Each defendant is sued **individually** and in his /or her **official capacity**. At all times mentioned in this complaint each defendant acted under the **color of state law.**

## —.FACTS

8. (A)        Upon November. 22, 2010, at 1163 Ed Brumfield Rd, Osyka. Ms. 39657. Plaintiff, was arrested by Pike County Sheriff Department. But, while plaintiff lay face-down, hands cuffed behind him. Sgt. Cox ordered his underlings to tasser plaintiff by saying "**Shoot 'em boys. And** plaintiff was then tassed by serual sheriff deputies. Including in the mouth by Sgt. Cox.

(B)        Plaintiff, was taken to Deputy Washington (P-8) car and placed in the backseat while he (Deputy Washington #P-8) and Deputy Bellipanns (#P-19) pulled/removed tasser needles out of plaintiffs' back, side, and upper buttocks. As they (Deputy Washington #P-8 and Deputy Bellipanns #P-19) made jokes how plaintiff was moving and break dancing while being electrically shocked.

(c)        As plaintiff was being transported to Pike County Sheriff Department by Deputy Washington (#P-8). Deputy Washington #P-8, stated to plaintiff if he (Deputy Washington P-8 wasn't present those white boys may have killed plaintiff.

(D)            Upon arrival at Pike County Sheriff Department at 2109 Jessie Hall Memorial Rd, Magnolia, Ms 39652. Plaintiff was brought in, un-cuffed and told to sit on bench infront of booking room. Plaintiff complained about numbness in right arm and constant bleeding. Plaintiff was order by Booking Sgt. Harrell to go in booking room and shower, or plaintiff will be handcuffed to bench until plaintiff changes his mind. Plaintiff, asked Booking Sgt. Harrell "why was he made to shower; other offenders aren't made to shower before being booked in and photographed." Booking Sgt. Harrell stated, "he didn't want the plaintiff blood every where nor to get on him." Booking Sgt. Harrell was asked again by plaintiff to seek medical attention but, Sgt. Harrell only stated, "We'll see." Plaintiff was given liquid soap and a big towel by Sgt. Harrell and ordered to shower in booking room shower. After plaintiff took shower, plaintiff was dressed out, booked in, finger-printed and photographed. Then plaintiff was placed in General Population B-Block.

(E)            Plaintiff was taken to the infirmary December. 7, 2010 after making numberous complaints, (written and verbal), some 16 days from incedient. Plaintiff was told by Nurse Tillman nothing was wrong with him. Plaintiff started to complain and Booking Sgt. Harrell and Lt. Regan (Assit Administrator) entered infirmary and observed swellin in Plaintiff arm and infection in plaintiffs leg and sent plaintiff to Stat Care (Emergency Clinic).

(F)            Upon arrival at Stat Care, plaintiff was examined by Doctor, X-Ray several times. which plaintiff had toren muscles, and tissues in shoulder and arm.

Plaintiff was also treated for staff infection where plaintiff was tossed in right leg. Plaintiff right arm was placed in slang, as well as prescribed medication of 3 kinds, (some for pain, antibiotic, and one to help restore muscles and tissues in plaintiff arm and shoulder. Doctor also gave orders for plaintiff to return in 3 days (12/10/2010) to be re-evaluted. Dec. 8, 2010 plaintiff was denied his medication by Nurse Tillman during morning medication call. But later plaintiff medication was brought by Officer Kay.

(8)        Plaintiff wasn't taken to Stat Care on Dec. 10, 2010 as Doctor ordered. But was taken Dec. 13, 2010 instead. In which Stat Care Doctor gave orders for Nurse Tillman to schedule plaintiff a appointment with Specialist (Neurologist) which Nurse Tillman refuse to do.

(H)        Upon January 4th, 2011 plaintiff visit Nurse Tillman about constant pain and numbness in his arm. Plaintiff asked Nurse Tillman has she scheduled the appointment. And would he regain 100% function and strength. Nurse Tillman stated to plaintiff "she had no knowledge of the referral from the Stat Care Doctor." "Neither could she tell plaintiff if he would regain anything back because she's not a doctor."

(I)        Upon January 5th, 2011 plaintiff discovered a rock in his beans after chewing and cracking and breaking off a piece of his bottom back tooth. Plaintiff, did written and verbal complaint but nothing was did about it. Plaintiff, have requested medical

Page. 6 of 25

attention several times about his tooth. But, Nurse Tillman only gives plaintiff (1) one tylenol on sickcall day which is every (2) two to (3) three weeks apart. In between sickcalls plaintiff suffers when ever anything sweet or other foods get in tooth which got worster.

(J)        Upon January 23, 2011 plaintiff wrote Circuit Clerk Roger Graves with an enclosed letter to the Sheriff. Requesting the letter be stamp, copy, filed, and foward to it's destination. Due to plaintiff's mail is under censorship and is constantly tampered with, lost, or sent or received late.

(K)        If plaintiff seals his mail infront of officers at night during mail call. When plaintiff's mail is taken upfront, plaintiff's mail is returned to him with a "X" on it and marking through the stamp which this act costs plaintiff additional postage and e.t.c. All plaintiffs mail must be open to read or won't be mailed out. But, plaintiff never been notified in writing of censorship. If plaintiff speaks of anything against P.C.S.O. in family/friends mail plaintiffs mail doesn't make it to destination.

(L)        Plaintiff constantly lives in un-sanitary conditions. (filth) Which at one time the whole B-Block caught Red Crabs due to conditions. Pike County Sheriff Dept upon information and belief doesn't meet Board of Health Standards. And meet certain critera to be condemn.

(M)        Upon February. 17, 2011 plaintiff was taken to Beachman Hospital on HWY 51 Magnolia Ms 39652.

Plaintiff was questioned by a female doctor. Dr. Snow, Plaintiff was told he would be prescribed medication to help stop numbness in arm. No examines were taken. Dr. Snow advised plaintiff he needed to see a Neuro Specialist for damaged nerves.

(N)          Upon February. 20, 2011 plaintiff name was called for breakfast tray. Plaintiff observe Officer Oliver Gardner grab his tray from kitchen worker (Trusty) with the same hand he (Officer Gardner) rubbed his nose with. Plaintiff advised Officer Gardner not to touch his tray without gloves on, let Trusty give him his tray. Officer Gardner thumb was in plaintiff tray (oatmeal). Officer Gardner stated to plaintiff he (Officer Gardner) has been working at P.C.S.O for 3yrs and he (Officer Gardner) didn't need any damn gloves, and he (Officer Gardner) would be back he (Officer Gardner) got something for plaintiff. Within (10) ten minutes Officer Oliver Gardner, Booking Sgt. Harrell, and Officer Bill entered B-Block telling plaintiff to pack up his property he's going to lockdown. Plaintiff packed all his property and was escorted to main hallway where lockdown cells are located. Plaintiff was advised he couldn't have any of his property. When plaintiff asked why plaintiff was pushed by Sgt. Harrell and grabbed by Officer Gardner. Then plaintiff was mased and throwed to the ground and continuously sprayed repeatedly by Sgt. Harrell and Officer Gardner. As plaintiff was going in cell 193 lockdown he (plaintiff) observe Sgt. Cox, J. Umbrello (#P-23) and J. Bellipanns (#P-19) coming down the hall with tassers drawn.

(O)      Plaintiff didn't receive shower to remove mase until plaintiff seen Lt. Brian Mullins coming up the hall. Plaintiff called out Lt. Mullins named to get his attention. Plaintiff advised Lt. Mullins of the situation and Lt. Mullins ordered Sgt. Harrell to give plaintiff a shower. Which plaintiff was sprayed by mase approximately between 6:40 AM and 7:00 AM and didn't receive a shower until after 5:00 pm which was some (10) ten hours later.

(P)      Come February 21, 2011 Booking Sgt. Randy Smith was advised of incident by plaintiff. Booking Sgt Randy Smith went read the incident report written by Sgt. Harrell but, was unable to remove plaintiff from lockdown without Capt. Green or Lt. Regan (Administrator or Assit Administrator) approval. Upon information and belief Capt. Green was called and he said to leave plaintiff in lockdown.

(Q)      Come February 22, 2011 plaintiff talked to Capt. Green (Admin) and Lt. Regan (Assit Admin) about incident and returning to general population. Capt Green stated to plaintiff no actions will be taken until he (Capt Green) discuss the matter with Sgt. Harrell and see if he (Sgt. Harrell) wants to let you go back to B-Block.

(R)      Come February 23, 2011 plaintiff discussed going back to B-Block general population with Sgt. Harrell and Lt. Regan. And after 4:00 pm Officer Oliver Gardner advised plaintiff to pack up, he (plaintiff) was being moved back to B-Block (General Population).

(3)        Come March 8, 2011 doing medication call plaintiff asked Nurse Tillman for something for a toothache. Nurse Tillman, told plaintiff she (Nurse Tillman) wasn't giving plaintiff anything sign-up for sick call. Plaintiff told Nurse Tillman sickcall aint for another 2 weeks from now. Nurse Tillman replied goggle with warm tap water and lay down.

(4)        Come March. 9, 2010 plaintiff scheduled to go to the dentist. The appointment was set for 11:20 am but. Nurse Tillman mischievously wrote down the wrong time which caused plaintiff to be late and miss seeing the dentist.

(U)        Come March, 16, 2011 plaintiff went back to the dentist. The dentist pulled (2) two of plaintiffs teeth. The tooth that was broken cause tooth next to it to go bad and dentist recommended to pull it also. Once plaintiff returned to P.C.S.O. plaintiff asked Officer Kay to stop by the infirmary because numbness had wore off. But, Nurse Tillman stated to plaintiff and Officer Kay, I'm not giving Varnado nothing, his mouth aint hurting it's still numb. Then Nurse Tillman walked in her office and closed the door.

(V)        Come March, 17, 2011 Nurse Tillman denied plaintiff his medication stating I aint got nothing for you. I'll send your medinice back by a officer and she put plaintiff medication back on pill cart. This is the only practitioner of medinice I ever seen that never wears any gloves but be quick to put your medication in her hands that you have to put in your mouth. The same hands she open

Page. 10 of 25

doors with, push her pill cart, pick up her pen off the floor, tie her shoes, and e.t.c. If, questioned Nurse Tillman states, she don't need gloves, her hands are clean let her do her job please ! Do you want your medication or not ?!

(W)     Nurse Tillman does not get inmates prescriptions filled as required. Instead she gives inmates other inmates medication that she may have left over or she will substitute medications doctors may prescribe inmates with other medications instead of getting that inmate prescription filled as required.

(X)     Pike County Sheriff Office constantly violates plaintiff and other inmates housed at P.C.S.O. rights.

X-1. All inmates incoming and outgoing mail is under **full** censorship. Administration delay inmates mail; sends mail back without giving inmates notice. Inmates at P.C.S.O aren't allowed to receive **Any** photograph's period from family and friends. Inmates arent allowed any books, magazines, or newspapers.

X-2. Pike County Sheriff Office doesn't have a Law Library for inmates to use, and re-search legal material. Which has effected plaintiff tremendously in the past and will in the present and future of other inmates as well.

X-3. Plaintiff as well as other inmates housed at P.C.S.O life is constantly under hazard due to there is **NO** fire exit to A, B, C, or D - Block (Dormitory). All fire exits doors has been cemented closed.

X-4. Plaintiff and other inmates food housed at P.C.S.O is prepared improper, under unclean conditions.

Page. 11 of 25

X-5.    Plaintiff and other inmates housed at P.C.S.O don't have proper bedding and clothing. P.C.S.O only provide inmates with a mattress and blanket. No sheets, no pillow.

X-6.    Pike County Sheriff Office, violate plaintiff and other inmates rights housed at P.C.S.O. by not issuing proper Sanitation and Personal Hygiene. Prisoners are entitled to sanitary toilet facilities, proper trash procedures, basic supplies such as toothbrushes, toothpaste, soap, sanitary napkins, razors, and cleaning products. Inmates at P.C.S.O. are only issued a roll of toilet tissue each Saturday morning. No other hygiene is issued.

X-7.    Plaintiff and other inmates housed at P.C.S.O lives under inadequate and inhuman conditions. Showers aren't cleaned properly, toilets aren't sterilize, air filters are never changed and ventilation vents are never cleaned. All inmates housed at P.C.S.O. breath constant dust and germs. P.C.S.O. is pest infested and is never sprayed by pest control.

9.    Upon information and belief there are guidelines and procedures upon officers using tassers. And for a officer of Pike County Sheriff Dept to carry a tasser the officer must first be shot with a tasser for a minimum of (5) five seconds. Therefore, the officers which tasser plaintiff was well aware of the damage, cause and effect that could happen. And that it only takes (1) one tasser to stop a human from functioning.

Upon information and belief any time a suspect is tassed, the suspect is to seek medical

examining by a physician.

Upon information and belief those tassers are a health risk. Due to once they (tassers) are used the prong needles aren't sterilized. Therefore, if a suspect has HIV is tassed, it's more than likely the next suspect tassed will also be infected.

Upon information and belief police brutality is very common in Pike County. But superior official turns a blind eye to their underlyings wrongful acts. Right or wrong Pike County official stick together; Even when the same law that's sworn to uphold is broken.

Upon information and belief people has been killed by tassers before by police abusing them.

10.     In refferrence of Exhibit-A the sworn affidavit by County Deputy Vernon Washington #P-8 did admit to using excessive force. It only take (1) one tasser to fully restrain any human being if needed. For more than one officer to tasser a suspect at one time shows Negligence and Deliberate Indifference.

In refferrence of Exhibit-B & C shows negligent and deliberate indifference.

In refference of Exhibit - C shows negligence and un-sanitary in preparing plaintiffs food which violates plaintiffs Eighth Amendment

Rights.

    Im reference of Exhibit-D supports P.C.S.D. has no Grievance System nor proper channels to complete a Administrative Remedy Program.

## IV. EXHAUSTION OF LEGAL REMEDIES

11.     Plaintiff <u>Earnest E Varnado Jr</u> used the Inmate Grievance Procedures that are available at P.C.S.O. to try to resolve the problem. From Nov. 22,2010 until the present date plaintiff Earnest E. Varnado Jr. presented the facts relating to this complaint. From Nov. 22,2010 to this date March. 31, 2011 plaintiff Earnest E. Varnado Jr never received a response, Only Exhibits B & C. P.C.S.O doesn't have a proper Grievance System according to 47-7-9, 47-7-27, 47-7-37, P.C.S.O only have request forms as seen in Exhibit -D. which is only answered (IF) administrators feels like it.

## V. LEGAL CLAIMS

12.     Plaintiff reallege and incorporate by reference paragraphs 1—11

13.     The excessive force, deliberate indifference to medical needs, unsafe conditions, violated plaintiff Earnest E. Varnado Jr's rights and constituted cruel and unusual punishment, a due process violation under the 8th Amendment to the United States Constitution.

The censorship of outgoing mail, refusal to mail letters, denial of access to reading materials, violated plaintiff Earnest E Varnado Jr's rights and constituted abridging the freedom of speech, a due process violation under the 1ST Amendment to the United States Constitution.

1.         Defendants,   Chris Cox (Sgt), Vernon Washington (P.8), Shawn Umbrello (P.23), J. Bellipanns (P.19), Harrell (Booking Sgt), Oliver Gardner (Booking Officer) .use of excessive force violated plaintiff's rights, and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

2.         Defendants  Mark Shephard (Sheriff), Capt. Green (Administrator), Lt. Reagan (Assitant Administrator), Claudia Tillman (Nurse), deliberate indifference to medical needs violated plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

3.         Defendants  Mark Shephard (Sheriff), Capt. Green (Administrator), Lt. Reagan (Assitant Administrator), unsafe conditions of Pike County Jail violated plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitu-tion.

14.        The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiffs:

15.        A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

16.        A preliminary and permanent injunction ordering defendants  Mark Shephard (Sheriff), Capt. Green (Administrator) and  Lt. Regan (Assitant Administrator) to see that plaintiff  Earnest E. Varnado Jr

1. Receive adept medical treatment as ordered by Stat Care doctor, to be evaluated/treated by a Neuro-Specialist.

2. Stop censoring and tampering with plaintiff's outgoing mail. Follow proper mailing procedures and guidelines as M.D.O.C. Allow inmates to seal mail infront of officer at a certain time (mail-call). Which allow officer to inspect mail for contraband and safe keeping of security. But, not read it.

3. Follow proper guidelines concerning passing out weekly issues of Sanitation and Personal Hygiene including but not limited, (toothbrush, toothpaste, soap, sanitary napkins, razors, salt, pepper, sugar, and e.t.c.

4. Give inmates sheets, blankets, pillows, pillow cases, proper mattress according to guideline and procedures of M.D.O.C.

5. Gives inmates the required amount of time for yard call per week, to get fresh-air.

6. Properly clean dormitories A-D daily, including but not limiting, showers, toilets, cells, and E.T.C.

7. Properly clean ventalation vent and change filters as required.

8. Have pest control spray for pestin insects, regularly.

9. Unseal 'all cemented closed fire exits A-D which is a hazard to all inmates housed on A,B,C,D, Blocks, and a violation to fire safety.

10. Follow proper guidelines on medical staff for P.C.S.O. to have an medical personal there 24 hrs a day. Not from 9Am to 1:30pm as Nurse Tillman.

11. Obtain proper grievance system according to 47-7-9, 47-7-27, 47-7-37 and not request forms that never get answered on certain issues.

12. Obtain a Law Library for the use of inmates at P.C.S.O. providing Legal Assitances.

13. Start rehabilitation programs for inmates.

**17.**      Compensatory damages in the amount of $_____ against each defendant, jointly and severally.

Page. 17  of 25

**18.**     Punitive damages in the amount of $ _____ against each defendant.

**19.**     A jury trail on all issues triable by jury.

**20.**     Plaintiff's costs in this suit

**21.**     Any additional relief this court deems just, proper, and equitable.


_April. 4, 2011_          _Earnest E. Varnado Jr_
                              Respectfully Submitted,

                                        Earnest E. Varnado Jr
                                        2109 Jessie Hall Rd
                                        Magnolia, Ms. 39652


### VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Magnolia Ms om April. 4, 2011

_Earnest E. Varnado Jr._

Earnest E. Varnado Jr.